IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| L.G., as the parent and natural guardian of JANE DOE, a minor, | ) | C.A. No. 4:18-cv-01486-RBH |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) | |
| CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, and WILLIAMSBURG COUNTY SCHOOL DISTRICT, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## CONSENT ORDER

This matter is before the Court following a teleconference between the parties and the Court regarding Defendants' failure to timely answer and respond to Plaintiff's discovery requests.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is a Title IX and 1983 action arising from alleged student on student sexual harassment and discrimination. On August 17, 2018, Plaintiff served the Defendants with Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production. Following several consultations between the parties, Plaintiff's counsel contacted the Court to schedule an informal telephone conference to address the outstanding discovery issues consistent with this Court's requirement that the parties engage in an informal teleconference with the Court prior to the filing of a discovery motion. On November 2, 2018, the informal conference was held which resulted

1

in the Court entering a Text Entry (Dkt. No. 19) which stated, in part, that the "call concluded with Defendants agreeing to produce the requested discovery by November 17, 2018."

On November 28, 2018, the Defendants electronically forwarded Plaintiff's counsel some, but not all, responsive documents. As of the date of this order, the Defendants have not served the Plaintiff with any formal Responses to Plaintiff's First Set of Requests for Production nor any answers to Plaintiff's First Set of Interrogatories.

On January 4, 2019, the Court held another informal teleconference call with the parties' counsel regarding Plaintiff's still-outstanding discovery requests. In response thereto, the Court filed a Text Entry (Dkt. No. 22) which states, in part, as follows, "The Court suggested the parties attempt to reach a consent order to resolve the discovery-related delays/issues, and that consent order could provide for an appropriate sanction for noncompliance….If the parties cannot reach an agreement on a consent order, Plaintiff may file an appropriate motion." This order comes in response to the parties' consultation.

## II. LEGAL STANDARD

Fed. R. Civ. P. 37 ("Rule 37") permits the district court to enter orders compelling discovery and to impose an array of sanctions for the failure to comply with such orders. Fed. R. Civ. P. 37(b)(2)(A). Rule 37(b)(2)(A) governs the appropriate sanctions for failure to obey a discovery order, stating in pertinent part: "If a party...fails to obey an order to provide or permit discovery...the court...may issue further just orders...[including]... dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order...." Fed. R. Civ. P. 37(b)(2)(A). "In exercising its discretion to select sanctions appropriate to the particular violation, however, the district court should consider four factors: (1) whether the noncomplying party acted in bad faith;

(2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." McKenna v. Sovran Bank NA, 836 F.2d 546, 1987 WL 30159, at *3 (4th Cir. 1987) (citations omitted). "A district court must consider all of these factors; however, no one factor is dispositive." Elmore v. City of Greenwood, C/A No. 3:13-cv-01755-TLW-KDW, 2015 WL 3868068, at *7 (D.S.C. June 23, 2015) (quoting Cox v. Deal, No. CIV. 2:09-CV-2715, 2011 WL 3418397, at *5 (D.S.C. Aug. 3, 2011)).

"In considering what sanctions are appropriate, the court must focus on determining a sanction that fits the case at hand, considering the potential harm to the party seeking discovery and the conduct of the non-producing party." Ashmore v. Allied Energy, Inc., No. 8:14-CV-00227-JMC, 2016 WL 2898007, at *3 (D.S.C. May 18, 2016) (quoting Taylor v. Specialty Mktg., Inc., No. 91-3053, 1993 WL 21080, at *2 (4th Cir. Feb. 2, 1993)).

### III. ANALYSIS

The Defendants have agreed to serve the Plaintiff with full and complete Answers to Interrogatories and Responses to Requests for Production on or before January 21, 2019. In the event the Defendants fail to meet this deadline, the Defendants shall be imposed sanctions that shall include the following: (i) attorney's fees and costs related to the Defendants' failure to timely produce discovery responses and (ii) any other sanction deemed appropriate by the Court under the circumstances.

After considering the four pertinent factors and determining a sanction that fits the case at hand in connection with the undisputed procedural background giving rise to this matter, this Court finds that the sanctions set forth above are reasonable, appropriate and necessary in the event the

Defendants fail to meet the January 21, 2019 deadline. This order does not preclude the Plaintiff from pursuing, or this Court issuing, any other sanctions that may be appropriate given the circumstances then-existing.

## IV. CONCLUSION

Upon consideration of the issues presented in this matter, the Court hereby orders the Defendants to serve the Plaintiff with full and complete Responses to Plaintiff's First Set of Requests for Production and Answers to Plaintiff's First Set of Interrogatories no later than January 21, 2019. In the event the Defendants fail to meet the aforementioned deadline, the sanctions set forth herein shall be imposed.

**IT IS SO ORDERED.**

    s/ R. Bryan Harwell
United States District Judge

Florence, South Carolina

Dated: January 11, 2019

I SO CONSENT:					I SO CONSENT:


*S/Matthew T. Douglas*				*S/Vernie L. Williams*
Matthew T. Douglas, Esq.			Vernie L. Williams, Esq.
KNIGHT & WHITTINGTON, LLC			HALLIGAN, MAHONEY & WILLIAMS
Attorneys for Plaintiff				Attorneys for Defendants