IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| L.G., as the parent and natural guardian of JANE DOE, a minor, | ) C.A. No. 4:18-cv-01486-DCC<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, and WILLIAMSBURG COUNTY SCHOOL DISTRICT, | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**<u>ORDER & OPINION</u>**

This matter is before the Court on the parties Joint Motion to Consolidate Discovery and Pre-Trial Proceedings brought pursuant Rule 42(a) of the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's inherent authority, which seeks to consolidate all discovery, motions hearings, and pre-trial proceedings in this matter ("Case 1") with <u>L.C., as the parent and natural guardian of JANE DOE, a minor vs. CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, AND WILLIAMSBURG COUNTY SCHOOL DISTRICT,</u> Civil Action No. 4:18-cv-02270-DCC ("Case 2"). The Joint Motion to Consolidate also seeks a consolidated scheduling order. For the reasons set forth herein, the parties Joint Motion to Consolidate Discovery and Pre-Trial Proceedings is granted. Consolidation of these two proceedings for the discovery and pre-trial stages of litigation is appropriate because: (1) the resolution of these two pending proceedings will involve common questions of law and fact; (2) the risk of inconsistent

1

determinations regarding the legal issues raised in these two pending proceedings outweighs any risk of prejudice arising from consolidation; and (3) consolidation of these pending matters will promote judicial economy without imposing any burden or prejudice on any party.

I. FACTUAL AND PROCEDURAL BACKGROUND

Both cases involve Title IX and 1983 causes of action which allege damages arising from student on student sexual assault that occurred at Kingstree Middle Magnet School during the 2015-2016 school year. The named Defendants, Plaintiffs' counsel, and Defendants' counsel in both cases are identical. The named Plaintiffs are different but Plaintiff's counsel represents both plaintiffs in the respective actions.

On June 1, 2018, Plaintiff filed the complaint in this action (Case 1). The Plaintiff in Case 1 is the representative/mother of a minor female student ("Jane Doe 1" or "JD1") who alleges she was sexually assaulted by a male student in the girls' bathroom at KMMS during school hours on January 7, 2016.

On August 15, 2018, Plaintiff filed the Complaint in Case 2 which is captioned as <u>L.C., as the parent and natural guardian of JANE DOE, a minor vs. CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, AND WILLIAMSBURG COUNTY SCHOOL DISTRICT,</u> Civil Action No. 4:18-cv-02270-DCC. The Plaintiff in Case 2 is the representative/mother of a minor female student ("Jane Doe 2" or "JD2") who alleges she was sexually assaulted by three (3) male students in the bathroom/locker area at KMMS during school hours on February 26, 2016. One of the three male students involved in the alleged assault upon JD2 was the same male student involved in the alleged sexual assault on JD1 less than two (2) months prior.

II. ANALYSIS

A. *Legal Standard*

Pursuant to Federal Rule of Civil Procedure 42(a), a court may consolidate actions if they involve a "common question of law or fact." Fed.R.Civ.P. 42(a). "[A] motion to consolidate must meet the threshold requirement of involving a common question of law or fact...then whether to grant the motion becomes an issue of judicial discretion." *Pariseau v. Anodyne Healthcare Mgmt., Inc.,* No. 3:04–cv–630, 2006 WL 325379, at *2 (W.D.N.C. Feb. 9, 2006). Indeed, "courts have broad discretion" to consolidate cases under Rule 42(a). *A/S J. Ludwig Mowinckles Rederi v. Tidewater Constr. Co.,* 559 F.2d 928, 933 (4th Cir.1977). When determining the appropriateness of consolidation, the Fourth Circuit has directed that a court consider the following factors:

> [T]he risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Arnold v. E. Air Lines, Inc.,* 681 F.2d 186, 193 (4th Cir.1982).

These factors can be broken down into two categories: those that favor consolidation, including risk of inconsistent adjudications, burden on the parties, judicial economy, and time and expense saved by consolidation; and those factors that weigh against consolidation, including prejudice, jury confusion, and time and expense created by consolidation. *See Pariseau,* 2006 WL 325379, at *2. Although a court must consider all of these factors, "judicial economy generally favors consolidation." *Switzenbaum v.. Orbital Science Corp.,* 187 F.R.D. 246, 248 (E.D.Va.1999).

B. *Both Pending Proceedings Involve Common Questions of Law.*

The legal issues raised, and those that will be raised, in the two lawsuits support consolidation of these actions. In both cases, the plaintiffs allege Title IX and 1983 causes of action. *See generally e.g.,* Compl., ¶¶ 52-83 (ECF No. 1); <u>L.C., as the parent and natural guardian</u>

of JANE DOE, a minor vs. CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, AND WILLIAMSBURG COUNTY SCHOOL DISTRICT, Civil Action No. 4:18-cv-02270-DCC, *Compl.* ¶¶ 62-91. The defendants have also asserted substantially similar affirmative defenses in both actions. The plaintiffs in both actions have identified the same retained experts in both cases. In both cases, the defendants have not identified any retained experts. Therefore, both proceedings involve common questions of law.

    C. *Both Pending Proceedings Involve Common Questions of Fact.*

The facts giving rise to the plaintiffs' complaints in both actions are substantially similar. For example, in both actions, the operative complaints allege, in part: **(i)** JD1 and JD2 were sexually assaulted by the same male student on school grounds during school hours at KMMS during the 2015-2016 school year; **(ii)** Defendant Burgess was assistant principal, Defendant Gadsden was principal, and Defendant Brock was superintendent at the time of the assaults on JD1 and JD2; **(iii)** JD1 and JD2 reported the alleged sexual assaults to Defendants but Defendants failed to report the allegations to appropriate authorities in violation of S.C. Code Ann. § 59-24-60 and § 63-7-310, and Title IX, 20 U.S.C.A. §1681(a); **(iv)** JD1 and JD2 were expelled/suspended by Defendants after JD1 and JD2 reported the alleged sexual assaults to Defendants; **(v)** Defendants did not investigate the allegations of JD1 and JD2; **(vi)** Defendants intentionally impeded law enforcement's investigations into the allegations of JD1 and JD2 by making false representations, disposing of evidence, and preventing law enforcement from conducting a proper investigation; **(vii)** the student attackers were in an unauthorized area at the time of the alleged attacks; and **(iix)** JD1 and JD2 suffered damages, including but not limited physical injuries, severe emotional distress, severe anxiety, psychological injury and counseling, pain and suffering, emotional distress, loss of enjoyment of life, inability to trust adults in positions of authority, inability to

4

receive an education free from sexual misconduct, and harassment and discrimination. *Compare e.g., Compl.,* ¶¶ 1-53, (ECF No. 1); L.C., as the parent and natural guardian of JANE DOE, a minor vs. CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, AND WILLIAMSBURG COUNTY SCHOOL DISTRICT, Civil Action No. 4:18-cv-02270-DCC, *Compl.* ¶¶ 1-61.

The defendants' answers deny the material allegations of the plaintiffs' complaints in both actions and assert substantially similar affirmative defenses. *See e.g., Answer* ¶¶ 1-53, (ECF No. 8); L.C., as the parent and natural guardian of JANE DOE, a minor vs. CARRIE BROCK, MACK BURGESS, HESTER GADSDEN, AND WILLIAMSBURG COUNTY SCHOOL DISTRICT, Civil Action No. 4:18-cv-02270-DCC, *Answer* (Dkt. 7).

Therefore, both proceedings involve common questions of fact.

> D. *Consolidation will Promote Judicial Economy and Efficiency Without Burden or Prejudice to Any Party and Will Avoid Potential Inconsistent Determinations.*

Consolidation of these two proceedings will promote judicial economy and efficiency. *Kelly v. U.S.,* 580 F.Supp.2d 490, 494 (E.D. Va. 2008) ("[T]he Court also has a clear interest in judicial economy, which is furthered by the consolidation of cases involving common questions of law and fact."). Consolidation will save valuable resources as the Court will be tasked with adjudicating common legal issues only once. Without consolidation, the Court and the parties will be forced to expend additional resources conducting separate hearings and managing separate scheduling order deadlines.

Additionally, counsel for the Defendants and Plaintiffs in both cases have stipulated that the depositions taken in Case 1 or Case 2 can be used in the other (so as to avoid duplicative depositions of the Defendants and witnesses). Thus, a consolidated scheduling order which provides identical deadlines for discovery and pre-trial proceedings is appropriate.

Additionally, as previously mentioned, counsel in both proceedings are identical. Therefore, since the parties are represented by the same counsel, both sides will benefit from reduced time and expense in preparing for singular deadlines and hearings.

Furthermore, no prejudice or jury confusion will result from the consolidation sought herein because separate trials will still take place and the parties previously agreed to consolidate deposition testimony.

In contrast, absent consolidation the parties face the risk of inconsistent determinations regarding the legal theories of the plaintiffs' claims asserted against identical parities regarding substantially similar facts. Moreover, absent consolidation, the parties will be forced to unnecessarily duplicate pre-trial and discovery proceedings. Thus, the various burdens and benefits weigh in favor of consolidation of these cases.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Joint Motion to Consolidate Discovery and Pre-Trial Proceedings. It is ORDERED that Civil Action No. 4:18-cv-01486-DCC be consolidated with Civil Action No.: 4:18-cv-02270-DCC discovery and pre-trial proceedings, however, the trials of these cases shall remain separate.

 

Dated:_____
Spartanburg, SC

_____
Donald C. Coggins, Jr.
United States District Judge